[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1069

MICHAEL A. HAMILTON,

Plaintiff, Appellant,

v.

CHERYL D. DINEEN; DENISE CARTER; GAIL SARGRUS; MARK
JOUKNINVIRAN; DIANE CARLOZZI, ESQ.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Michael A. Hamilton on brief pro se.

August 27, 2001

**Per Curiam**. Appellant Michael A. Hamilton filed a complaint in the Massachusetts federal district court and asked to proceed in forma pauperis. His complaint attacked state court proceedings which had resulted in the loss of custody of his three children. After granting IFP status, the district court dismissed the complaint on the ground that it lacked an arguable basis in law. See 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous"). In particular, the court determined that the complaint was barred by the Massachusetts three-year statute of limitations applicable to civil rights actions brought under 42 U.S.C. § 1983.

We note, first, that appellant does not address, on appeal, the merits of the district court's determination regarding the statute of limitations. Of course, failure to argue an issue on appeal waives that issue. Ortega Cabrera v. Municipality of Bayamon, 562 F.2d 91, 102 n.10 (1st Cir. 1977). This alone, then, would be reason to affirm the district court judgment.

In any event, there was no error in the district court's decision. Appellant argued below that a state statute of limitations has nothing to do with a federal

civil rights action and that the district court had erred in applying any limitations period to his complaint.

> This assertion is palpably incorrect. At all times material hereto, the law was clear that, when Congress had not established a time limitation for a federal cause of action, a local limitations period was to be adopted as federal law so long as it was not inconsistent with federal law or policy to do so. [This] practice demand[s] the application of state personal injury statutes of limitations in section [1983] suits.

Johnson v. Rodriquez, 943 F.2d 104, 107 (1st Cir. 1991) (citations omitted). As a result, the Massachusetts three-year statute of limitations for personal injury actions applies to this case. See Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001) (citing M.G.L.c. 260, § 2A). Appellant's reliance on Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), is misplaced as that case did not involve the question of the statute of limitations applicable to a civil rights action.

Appellant does not dispute the district court's determination that his cause of action accrued, at the latest, on May 12, 1997, when Cheryl Dineen was awarded custody of Hunter, the last of appellant's children. The

probate proceedings which resulted in appellant's loss of custody plainly are the basis of appellant's complaint and the complaint focuses on the alleged actions the defendants took during these proceedings. Thus, the complaint, filed on September 5, 2000, was over three months late.

The judgment of the district court is <u>affirmed</u>.